UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS SOSA, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>TRIBORO WATER MAIN AND SEWER CORP., and MICHAEL PASSALACQUA, individually,<br><br>Defendants. | **COMPLAINT**<br><br><br>**Docket No.: 20-cv-4084**<br><br><br>Jury Trial Demanded |

Plaintiff, JESUS SOSA, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against TRIBORO WATER MAIN AND SEWER CORP. ("Triboro"), and MICHAEL PASSALACQUA, individually ("Passalacqua"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their

1

employees containing specific categories of accurate information, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New York corporation that provides sewer and plumbing services throughout New York City and on Long Island, and its owner and Chief Executive Officer who oversaw the business on a daily basis - - as a plumber from June 2005 through May 2, 2020.

3.      As described below, throughout the entirety of Plaintiff's employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action ("the relevant period"), Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, during the relevant period, Defendants required Plaintiff to work, and Plaintiff did work, either five or six days per week for an average of approximately fifty-seven hours per week, yet Defendants failed to pay Plaintiff overtime compensation at the statutorily-required overtime rate of one and one-half times his regular rate of pay for all hours that Plaintiff worked in a week in excess of forty.  Instead, depending on if it was a week when Plaintiff worked five or six days, Defendants either paid Plaintiff nothing for his hours worked over forty in a week, or they paid Plaintiff at his straight-time rate for either the first ten or first twelve hours that he worked beyond forty in a week, and nothing for any hours worked in excess of that, all in violation of the overtime provisions of the FLSA and the NYLL.

4.      Defendants further violated the NYLL throughout the relevant period by failing to provide Plaintiff with accurate wage statements on each payday.

5.      Defendants paid and treated all of their plumbers in the same manner.  Indeed, prior to this action, Defendants were previously sued for virtually identical violations of the FLSA and the NYLL in the matter of *Colon v. Triboro Plumbing & Heating Corp., et al.*, Case No. 1:14-cv-


06632-ARR-RER (E.D.N.Y.), which concluded with a judgment being entered against them, yet Defendants - - obviously undeterred - - have since continued their wage theft unabated.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under New York law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

10. At all times during the relevant period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all times during the relevant period, Defendant Triboro was and is a New York corporation with its principal place of business located at 777 East 96th Street, Brooklyn, New York 11236.

12. At all times during the relevant period, Defendant Passalacqua was and is the owner of Triboro, as well as the supervisor responsible for making all managerial decisions for Triboro, including but not limited to the hiring and firing of all employees and the setting of employees' hours, rates, and methods of pay, including those decisions with respect to Plaintiff.

13. At all times during the relevant period, both Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, at all times relevant to the FLSA, Defendant Triboro's qualifying annual business exceeded and exceeds $500,000.00, and Triboro was and is engaged in interstate commerce within the meaning of the FLSA, as it frequently handled and handles supplies, tools, and machinery, such as basin wrenches, asphalt, and tube and plastic pipe cutters, which were and are moved in interstate commerce, the combination of which subjects Triboro to the FLSA's overtime requirements as an enterprise with respect to all of Defendants' employees.

## **COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former plumbers, who during the applicable FLSA limitations period, performed any work for Defendants as a plumber, or other similar position, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all times relevant to the FLSA, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty. Indeed, Defendants were previously sued for, *inter alia*, substantially-similar, if not identical FLSA overtime violations to those alleged here, and a judgment was entered against Defendants to end that case. Nonetheless, Defendants purposefully and willfully continued to choose not to pay Plaintiff and all FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees proper overtime compensation at the statutorily-required rate for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

18. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

19. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

20. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former plumbers, who during the applicable NYLL limitations period, performed any work for Defendants in New York as a plumber or in a similar position ("Rule 23 Plaintiffs").

<u>Numerosity</u>

21. During the previous six years Defendants have employed, in total, at least forty employees who are putative members of this class.

Common Questions of Law and/or Fact

22.     There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether Defendants failed to pay the Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty in a week; (5) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (6) whether Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (8) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

23.     As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as plumbers, or in other similar positions, in New York, and Defendants do not and/or did not: properly pay them overtime at a rate of one and one-half times their respective regular rates of pay for all hours worked in a week over forty; and/or provide them with accurate wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs enjoy the same

rights under the NYLL and the NYCRR to receive overtime wages at the statutorily-required rate of time and one-half their regular rates of pay for all hours worked each week over forty, and to be furnished with accurate wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

<div align="center">Adequacy</div>

24. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants.  Defendants did not pay Plaintiff overtime at the rate of time and one-half his regular rate of pay for all of his hours worked over forty in a week, and did not furnish Plaintiff with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer that pertain to him.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

25. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

26. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all times during the relevant period, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

27. Any lawsuit brought by any plumber or person working in another similar position for Defendants in New York would be identical to a suit brought by any other similar employee for the same violations as alleged herein. Thus, separate litigation would risk inconsistent results.

28. Accordingly, the means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**BACKGROUND FACTS**

29. Defendant Triboro is a Brooklyn-based company that provides service and repair to water mains and sewers for commercial and residential buildings throughout the five boroughs of New York City and on Long Island.

30. Defendant Passalacqua is the owner of Triboro, as well as the individual who oversees its daily operations, who in that role manages and supervises all Triboro employees, including but not limited to Plaintiff and all of Triboro's plumbers. Defendant Passalacqua has hiring and firing authority and exercises that authority routinely. Defendant Passalacqua is also responsible for determining the hours that plumbers are required to work, the amount of compensation paid to plumbers, and the method of compensating plumbers. He also is responsible for maintaining employment records for the business's employees. To that end, Defendant Passalacqua personally hired Plaintiff, determined his rate of pay and work schedule, managed and

9

supervised Plaintiff's day-to-day activities, including the work site to which Plaintiff would be assigned each day, and ultimately terminated Plaintiff's employment.

31. Plaintiff worked for Defendants as a plumber from June 2005 through April 2, 2020 at which point he was furloughed for one month until his termination on May 2, 2020.

32. As a plumber, Plaintiff's primary job duties consisted of installing and repairing basins, sewers, fire hydrants, sprinkler mains, and water mains at various work sites throughout the five boroughs of New York City and on Long Island. Specifically, the majority of Plaintiff's job sites were in Brooklyn and Defendants' principal place of business was and is located in Brooklyn.

33. Throughout at least the relevant period, Defendants required Plaintiff to work, and Plaintiff did work, between forty-six and fifty-four hours per week from Monday through Friday during two weeks each month, and between fifty-six and one-half and sixty-six hours per week from Monday through Saturday during the other two weeks each month, for an average of 56.75 hours each week.

34. Specifically, from Monday through Friday, Defendants required Plaintiff to start his workday at 8:00 a.m., and to continue working until anywhere between 5:30 p.m. and 7:00 p.m., randomly receiving unscheduled thirty-minute breaks two or three days per week. On Saturdays, Defendants required Plaintiff to start his workday at 7:00 a.m. and to continue working until between 5:30 p.m. and 7:00 p.m. without any scheduled or uninterrupted breaks.

35. Thus, at all times throughout the relevant period, Defendants required Plaintiff to actually work, and Plaintiff did in fact work, a minimum of forty-six and as many as sixty-six hours in a week.

36. During the weeks when Plaintiff worked only five days per week from Monday through Friday, Defendants paid Plaintiff at the following rates of pay for the first forty hours that he worked each week and nothing additional for any hours worked in excess of forty per week:

   a. from at least the beginning of the relevant period through March 2016, at a rate of $20.00 per hour;

   b. from April 2016 through March 2018, at a rate of $22.50 per hour; and

   c. from April 2018 through April 2, 2020, at a rate of $25.00 per hour.

37. During the weeks when Plaintiff worked six days per week from Monday through Saturday, Defendants paid Plaintiff in the following manner:

   a. from at least the beginning of the relevant period through March 2016, at a rate $20.00 per hour for the first *fifty* hours worked in a week, and nothing additional for his hours worked beyond fifty;

   b. from April 2016 through March 2018, at a rate of $22.50 per hour for the first fifty hours worked in a week, and nothing additional for his hours worked beyond fifty; and

   c. from April 2018 through April 2, 2020, at a rate of $25.00 per hour for the first fifty-two hours worked in a week, and nothing additional for his hours worked beyond fifty-two.

38. At no time during the relevant period did Defendants pay Plaintiff at the rate of one and one-half times his regular rate of pay for the hours that he worked over forty in a week.

39. By way of example, for the pay period of October 18 through October 24, 2019, Defendants required Plaintiff to work, and Plaintiff did work, a total of sixty-six hours according to the following schedule:

> Friday, October 18, 2019: 8:00 a.m. to 7:00 p.m. without a scheduled or uninterrupted break;
>
> Saturday, October 19, 2019: 7:00 a.m. to 7:00 p.m. without a scheduled or uninterrupted break;
>
> Sunday, October 20, 2019: Off.
>
> Monday, October 21, 2019: 8:00 a.m. to 7:00 p.m. with a thirty-minute break;
>
> Tuesday, October 22, 2019: 8:00 a.m. to 7:00 p.m. without a scheduled or uninterrupted break;
>
> Wednesday, October 23, 2019: 8:00 a.m. to 7:00 p.m. with a thirty-minute break; and
>
> Thursday, October 24, 2019: 8:00 a.m. to 7:00 p.m. without a scheduled or uninterrupted break.

For his work during this workweek, Defendants paid Plaintiff at his straight-time rate of $25.00 per hour for fifty-two hours of work, and nothing additional for the remaining fourteen hours that he worked.

40. Defendants paid Plaintiff on a weekly basis in both cash and check.

41. On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for the week, or his overtime rate and overtime wages owed.

42. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

43. Defendants acted in this manner to maximize their profits and minimize their labor costs and overhead.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

49. Defendants willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

60.     As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action with wage statements that accurately contained the criteria required under the NYLL.

61.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

62.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  j. Pre-judgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
September 1, 2020

        Respectfully submitted,

        BORRELLI & ASSOCIATES, P.L.L.C.
        *Attorneys for Plaintiff*
        655 Third Avenue, Suite 1821
        New York, New York 10017
        Tel. (212) 679-5000
        Fax. (212) 679-5005

By: _____
        MICHAEL R. MINKOFF (MM 4787)
        ALEXANDER T. COLEMAN (AC 8151)
        MICHAEL J. BORRELLI (MB 8533)